# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| LADARIUS MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-2434-JDT-cgc |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On June 18, 2020, Ladarius Montgomery, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted Montgomery leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4). The Clerk shall record the Defendant as Shelby County.[1]

In its entirety, the complaint alleges:

> False Incarceration, Illegal Detention, Mental Cruelty, Deffimation [sic] of Character, Hazardous Safety Zones, Depression, Stress, Pain and Suffering, Police Brutality, Sickness and Illnesses, Inhumane Criminal Neglect, Psychological Injuries, Neglect of my responsibilities and duties as a Father,

---

[1] Montgomery names both Shelby County and the Shelby County Criminal Justice Center (Jail) as Defendants. (ECF No. 1 at PageID 2.) The Jail, however, is not a separate entity that may be sued apart from Shelby County itself.

son, brother, uncle, and fieance [sic], Struggle of my dependents, Injuries, Pain and Suffering of my family while I was incarcerated, Emotional Abuse of my Fieance [sic] while I was incarcerated, and Endangerment of my life and my family's life while I was incarcerated.

(ECF No. 1 at PageID 2.)  Montgomery seeks $83,120,000 in damages.  (*Id.* at PageID 3-4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

2

R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Montgomery filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In this case, Montgomery merely lists various causes of action and injuries without including any factual allegations to support his claims or to support holding Shelby County

liable.  Therefore, the complaint in its present form is subject to dismissal for failure to state a claim on which relief may be granted.  The Court will, however, allow Montgomery an opportunity to amend his complaint.

Accordingly, Montgomery's present complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1).  Montgomery also is GRANTED leave to file an amended complaint.  **Any amended complaint must be filed within 21 days after the date of this order, on or before July 10, 2020.**  Montgomery is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Montgomery fails to file an amended complaint within the time specified, the Court will dismiss this case in its entirety and assess a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE